978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brett C. KIMBERLIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2986.
 United States Court of Appeals, Seventh Circuit.
 Oct. 23, 1992.
 
 Before Flaum, Manion, and Kanne, Circuit Judges.
 
 ORDER
 
 1
 The FBI seized as evidence $3037.13 from Brett Kimberlin when it arrested him in 1979. The FBI kept custody of the funds while Kimberlin's case continued through the courts. In 1987 Kimberlin's conviction became final. In 1989 the government moved to have the money disbursed to compensate for funds it used in processing Kimberlin's case. 18 U.S.C. § 3006A(f). Meantime Sandra Sue DeLong, the victim of Kimberlin's crime, secured a 1.61 million dollar judgment against Kimberlin in the Superior Court of Marion County, Indiana. Kimberlin did not file a supersedeas bond after the court issued the judgment, so, though the case is still on appeal, DeLong has a final, collectible judgment. When she learned that the FBI had possession of some of Kimberlin's funds, she intervened in the proceeding to disburse the funds so as to satisfy a portion of her otherwise unpaid judgment against Kimberlin. Attorneys for the government, DeLong, and Kimberlin attended the hearing on the motion.
 
 
 2
 The government argued that the funds belonged to Kimberlin, making the money available for distribution. Kimberlin argued that the funds belonged to his mother because she had spent so much on his legal defense. The court adopted the government's position. The government, however, took itself out of consideration for the funds by saying that the money should be disbursed to DeLong because she had a valid, collectible, unsettled judgment against Kimberlin. DeLong asked the court to order the funds be held by the Clerk of the Marion Superior Court pending the outcome of the appeal in the civil case.
 
 
 3
 Kimberlin claims that the government moved for disbursement of the funds too long after it initially seized them. Kimberlin waived this claim, however, by asking the court to give the funds to his mother, which was equivalent to moving for a return of the property under Fed.R.Crim.P. 41(e). United States v. Taylor, No. 91-2770 slip op. at 3 (7th Cir.September 18, 1992). By filing a claim for the money he waived "arguments based on the government's tardiness." Id.
 
 
 4
 Kimberlin's substantive argument is that the court erred by disbursing the funds to the Marion County Superior Court when the judgment of that court was void. The judgment was void, Kimberlin argues, because the judge in that case solicited a bribe from the parties prior to trial. A jury later convicted the judge on charges stemming from abuse of his office. That conviction, however, was not connected to Kimberlin's case. Kimberlin argues that it does not matter that the judge's conviction was unrelated to his case because it is clear that he solicited a bribe in Kimberlin's trial, the solicitation was rebuked, and the judge presided vindictively over his trial. Thus, Kimberlin concludes, the judge's behavior renders the judgment void and thus DeLong has no right to the funds.
 
 
 5
 Kimberlin, like all litigants, is entitled to have a judge who is free from corruption. See Tumey v. Ohio, 273 U.S. 510, 523 (1926). If it could be established that the judge in his case suborned corruption, Kimberlin may be entitled to relief from the judgment against him. The record, however, shows that the state case is still pending, in which case the Indiana Court of Appeals is entitled to determine for itself the status of Kimberlin's rights in the matter. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987). Therefore, the district court did not err in the present case by ordering that the money be paid to the Clerk of the Marion Superior Court. The order of the district court is therefore
 
 
 6
 AFFIRMED.
 
 
 7
 ---------------
 
 
 
 * After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.